**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

       v.                                  17-MJ-524-JWF

**WILLIAM R. ROSICA,**                     NOTICE OF MOTION

                  **Defendant.**

| | |
|---|---|
| **MOTION BY**: | Mark D. Hosken, Supervisory Assistant Federal Public Defender, Attorney for William Rosica. |
| **DATE, TIME & PLACE**: | On a date, time, and courtroom to be determined before a United States District Judge, U.S. Courthouse, Rochester, New York. |
| **SUPPORTING PAPERS**: | Affirmation of Mark D. Hosken, affirmed on May 25, 2017, and the Memorandum of Law. |
| **RELIEF REQUESTED**: | An Order Revoking the Order of Detention and Setting Reasonable Conditions of Release. |

Dated: May 25, 2017
       Rochester, New York

                                                  s/Mark D. Hosken
                                                    Mark D. Hosken
                                                    Supervisory Assistant Federal Public Defender
                                                    28 E. Main Street, Suite 400
                                                    Rochester, New York 14614
                                                    Attorney for William R. Rosica
                                                    585-263-6201
                                                    Mark_Hosken@fd.org

To:    Craig Gestring, AUSA

1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 17-MJ-524-JWF |
| v. | **AFFIFRMATION IN SUPPORT OF THE DEFENDANT'S MOTION TO** |
| **WILLIAM R. ROSICA,** | **REVOKE OR AMEND THE DETENTION ORDER** |
| **Defendant.** | |

MARK D. HOSKEN, Supervisory Assistant Federal Public Defender for the Western District of New York, affirms as follows:

1. I am an attorney licensed to practice law in the State of New York and the United States District Court for the Western District of New York, and I represent the defendant, William Rosica.

2. I am familiar with this case by reason of my investigation of this matter, conversations with my client and others, and a review of the audio of the detention hearing that was held on March 3, 2017 before the Honorable Jonathan W. Feldman, Magistrate Judge.

3. Magistrate Judge Feldman concluded Mr. Roscia was not a serious risk of flight, but granted the government's motion for detention based on dangerousness. An Order of Detention Pending Trial was issued by Magistrate Judge Feldman on March 3, 2017. (*See*, Exh. A.)

4.     This affirmation is submitted in support of the defendant's request for revocation of the detention order pursuant to 18 U.S.C. § 3145(b).

5      The defendant respectfully requests this Court revoke the detention order and find that there are conditions or a combination of conditions that could reasonably assure the safety of any other person and the community.  Specifically, the defendant asks that he be released on home incarceration with electronic monitoring through the use of a GPS device and a requirement the defendant participate in the computer/internet monitoring program administered by the U.S. Probation Office.

6      For the reasons set forth above and in the memorandum of law, the defendant respectfully requests an order from this Court revoking the detention order and directing the release of the defendant on reasonable conditions pending trial.

Dated:  May 25, 2017
        Rochester, New York

      s/Mark D. Hosken
Mark D. Hosken
Supervisory Assistant Federal Public Defender
28 E. Main Street, Suite 400
Rochester, New York 14614
Attorney for William R. Rosica
585-263-6201
Mark_Hosken@fd.org

To:  Craig Gestring, AUSA

3

# EXHIBIT A

Case 6:17-mr-06044-FPG Document 1 Filed 05/30/17 Page 5 of 14
Case 6:17-mj-00524-JWF Document 15-1 Filed 05/25/17 Page 2 of 4
Case 6:17-mj-00524-JWF Document 7 Filed 03/03/17 Page 1 of 3

AO 472 (Rev. 09/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Western District of New York

| United States of America | ) | |
| --- | --- | --- |
| v. | ) | |
| | ) | Case No. 17-mj-524 |
| WILLIAM ROSICA | ) | |
| Defendant | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

　☐ (1) the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
　　☐ (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
　　　§ 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; or
　　☐ (b) an offense for which the maximum sentence is life imprisonment or death; or
　　☐ (c) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
　　　Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
　　　(21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); or
　　☐ (d) any felony if such person has been convicted of two or more offenses described in subparagraphs
　　　(a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses
　　　described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
　　　jurisdiction had existed, or a combination of such offenses; or
　　☐ (e) any felony that is not otherwise a crime of violence but involves:
　　　(i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
　　　(iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; *and*
　☐ (2) the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
　　§ 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise
　　to Federal jurisdiction had existed; *and*
　☐ (3) the offense described in paragraph (2) above for which the defendant has been convicted was
　　committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*
　☐ (4) a period of not more than five years has elapsed since the date of conviction, or the release of the
　　defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

Case 6:17-mr-06044-FPG   Document 1   Filed 05/30/17   Page 6 of 14
Case 6:17-mj-00524-JWF   Document 15-1   Filed 05/25/17   Page 3 of 4
Case 6:17-mj-00524-JWF   Document 7   Filed 03/03/17   Page 2 of 3

AO 472 (Rev. 09/16) Order of Detention Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses):* There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☐ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ☐ (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ☐ (4) an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ☐ (5) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

    **OR**

    ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☐ Weight of evidence against the defendant is strong
    ☐ Subject to lengthy period of incarceration if convicted
    ☐ Prior criminal history
    ☐ Participation in criminal activity while on probation, parole, or supervision
    ☐ History of violence or use of weapons
    ☐ History of alcohol or substance abuse
    ☐ Lack of stable employment
    ☐ Lack of stable residence
    ☐ Lack of financially responsible sureties
    ☐ Lack of significant community or family ties to this district
    ☐ Significant family or other ties outside the United States

Case 6:17-mr-06044-FPG   Document 1   Filed 05/30/17   Page 7 of 14
Case 6:17-mj-00524-JWF   Document 15-1   Filed 05/25/17   Page 4 of 4
Case 6:17-mj-00524-JWF   Document 7   Filed 03/03/17   Page 3 of 3

AO 472 (Rev. 09/16) Order of Detention Pending Trial

☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The factual findings and conclusions of law to support this detention decision are set forth in the transcript of proceedings of March 3, 2017 and the transcript of those proceedings are specifically incorporated as my written statement of reasons for detention. See United States v. Davis, 845 F.2d 412, 415 (2d Cir. 1988), United States v. English, 629 F. 311 (2d Cir. 2011).

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 3/3/17

_____
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 17-MJ-524-JWF |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF THE** |
| **WILLIAM R. ROSICA,** | **DEFENDANT'S MOTION TO REVOKE OR AMEND THE** |
| Defendant. | **DETENTION ORDER** |

_____

## INTRODUCTION

Pursuant to 18 U.S.C. § 3145(b), defendant William Rosica moves this Court for a revocation or amendment of the Magistrate Judge's Order of Detention, dated March 3, 2017. Mr. Rosica requests this Court conduct a *de novo* review, revoke the Magistrate Judge's detention order, and set reasonable conditions of release.

## BACKGROUND

William Rosica is accused in a Criminal Complaint filed on March 1, 2017. The complaint charges three separate offenses involving the unauthorized use of computers including the alleged harassment by use of a computer between March 2016 through February 28, 2017. These non-violent offenses carry a maximum term of imprisonment of five years. There is no requirement that incarceration be imposed should a conviction occur.

## DETENTION HEARING

The Magistrate Judge presided over a detention hearing which was conducted on March 3, 2017. The government chose not to call any witnesses and proceeded by proffer. The defendant also proceeded by proffer.

The government presented three primary arguments why the defendant should be detained. First, that it had a strong prosecutable case. Second, that the defendant used sophisticated and complex techniques to hide his alleged conduct. Third, that the victim is terrified of the defendant.

The defendant countered the government's request for detention. The defendant argued there was no threat of physical or bodily harm and the defendant had no prior criminal history.

The Magistrate Judge rejected the defendant's argument. The Court granted the government's motion and ordered the defendant detained finding the government established by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.

The Magistrate Judge's finding of detention was based on the weight of the evidence against the defendant. The Magistrate Judge suggested he could review the strength of the government's case as reflecting on the character of the accused and nature and circumstances of the offense. Yet the language used by the Magistrate Judge consistently focused on the weight of the evidence. Some representative language used by the Magistrate Judge at the detention hearing included, "I think this is a strong case;" "I think the evidence suggests complex techniques to terrorize someone here;" "There is a strong evidence you terrorized the victim;" and "This was a campaign of abuse and terror committed over a year."

## ARGUMENT

Pursuant to 18 U.S.C. § 3145(b), the defendant moves for revocation or amendment of the Magistrate Judge's order that he be held without bail. Section 3145(b) provides that, "[i]f a person is ordered detained by a magistrate . . . the person may file, with the court having original

jurisdiction over the offense, a motion for revocation or amendment of the order." The district court should fully reconsider a magistrate's denial of bail not simply defer to the magistrate's judgment. The district court must reach its own independent conclusion. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985). The standard of review is *de novo*. *See, United States v. Goba*, 240 F. Supp.2d 242, 245 (W.D.N.Y. 2003), *Leon*, 766 F.2d at 80. Such review requires the court "give fresh consideration to those issues to which specific objections have been made." The district court will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

### 1.  The Magistrate Judge Erred When He Granted the Government's Motion to Detain Mr. Rosica.

The Magistrate Judge concluded the government provided clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. The Magistrate Judge merely focused on the weight of the evidence factor when he decided to order Mr. Rosica detained. That is the one factor which courts generally consider the least important. That is because the statute does not permit nor require a pretrial determination of guilt. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The 18 U.S.C. § 3142(g) factors require much more than a review of the weight of the evidence.

#### A. The Standard

The Bail Reform Act in 18 U.S.C. § 3142(f)(2)(B) permits the government to seek detention if there exists "a serious risk that such person will …. threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness." The factors that must be

considered are enumerated in 18 U.S.C. § 3142(g).  These include nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the accused and the nature and seriousness of the risk to the community.  Unless the defendant is charged with a listed offense [§ 3142(f)(1)], or has certain prior convictions [§ 3142(e)], the Bail Reform Act requires the Court to "order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond." 18 U.S.C. § 3142(b).  Should the Court determine that release on personal recognizance or unsecured appearance bond "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person" on conditions.  18 U.S.C. § 3142(c).  The Bail Reform Act presumes that a defendant be released.

### B.  No Rebuttable Presumptions Apply

Here, Mr. Rosica is charged with three criminal offenses alleging cyberstalking by violating three separate statutes each carrying a maximum term of five years imprisonment:  18 U.S.C. §§ 2261A(1)(B), 2261A(2)(B) and 1030(a)(2)(C).  None of those offenses fall within 18 U.S.C. § 3142(e)(2), (3) or (f)(1).  Nor does Mr. Rosica have any prior criminal history that would subject him to inclusion in 18 U.S.C. § 3142(e)(2)(A-C).  Based on these factors, the only presumption that applies is the presumption that Mr. Rosica be released.

### C.  The Government's Burden

The government has the burden of proving by clear and convincing evidence the defendant poses a danger to the community.  *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991), *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985), and *United States v. Colombo*, 777 F.2d 96, 99 (2d Cir. 1985).

**2.  There Exist Conditions of Release That Will Reasonably Assure Mr. Rosica's Presence at Trial.**

The Bail Reform Act of 1984 limits a federal judge's ability to detain a defendant without bail. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987). This requires the Court to conduct a two part inquiry: is the defendant a danger to the community or a serious risk of flight, and, if so, are there conditions or a combination of conditions that will reasonable assure the danger or the person's presence at trial.

Magistrate Judge McCarthy recently restated the true purpose of the Bail Reform Act:

> In determining which conditions of release are appropriate, I am mindful that the Bail Reform Act requires only reasonable assurance, *not* a guarantee, that the conditions will prevent danger or flight. *See*, *United States v. Hir*, 517 F.3d 1081, 1092 (9th Cir. 2008) ("the Bail Reform Act contemplates only that a court be able to 'reasonably assure,' rather than guarantee, the safety of the community"); *United States v. Tortora*, 922 F.2d 880, 884 (1st Cir. 1990) ("Requiring that release conditions guarantee the community's safety would fly in the teeth of Congress's clear intent that only a limited number of defendants be subject to pretrial detention").

*United States v. Barner*, 743 F.Supp 2d 225, 233 (W.D.N.Y. 2010).

A Pretrial Services Report was prepared and presented to the Magistrate Judge at the detention hearing. Mr. Rosica was described as 50 years old, a life-long resident of the district who lived at his current address since October 2006. He and his wife are separated but they share a 17 year old son. Mr. Rosica was gainfully employed as a police officer with the Town of Irondequoit until the date of his arrest. He suffers with medical issues including heart issues, diabetes, and high cholesterol. He was seen by a mental health professional shortly after heart surgery. He has no prior criminal history.

One of the issues raised by the government was Mr. Rosica's access to firearms. Mr. Rosica's family requested members of the Irondequoit Police Department remove all firearms and ammunition from Mr. Rosica's home. This was accomplished on March 31, 2017. Counsel has a police report/receipt verifying the removal and confiscation of the items.

Another issue that was not seriously considered as a reasonable condition of release is the use of GPS electronic monitoring. Such a condition would reasonably assure the risk that Mr. Rosica might threaten, injure or intimidate or attempt to do the same to the alleged witness. U.S. Probation currently uses ankle bracelets that rely on a Global Positioning System. This radio-navigation system can tract an individual who wears a receiver on his ankle. This receiver allows signals to be sent by a GPS satellite. These signals can be easily harnessed by zones of inclusion (where the person resides) and exclusion (where the person cannot be). For example, should the Court be concerned that a defendant wearing a GPS bracelet might travel to an area where an alleged witness lives, works, or attends school, a zone of exclusion may be programmed into the defendant's monitoring system. This sets up an exclusionary zone by location(s). If that zone of exclusion is breached, a notification is immediately sent to the supervising probation officer. The PO would directly contact the alleged witness and local law enforcement. This opportunity to monitor the defendant through the use of zones of inclusion and exclusion provides this Court with a reasonable condition that will reasonably assure against a serious risk of danger to the alleged witness.

Similarly, this Court could limit Mr. Rosica's use of any telephone, digital device or computer. Such limitation could include monitoring by the U.S. Probation Office. Such a reasonable condition would permit the Court through the USPO to monitor Mr. Rosica's electronic device usage.

**CONCLUSION**

The Supreme Court held in *Salerno*, 481 U.S. at 755, that detention prior to trial is the carefully limited exception. This Court should revoke Magistrate Judge Feldman's order of detention and order Mr. Rosica released on reasonable conditions including home incarceration monitored by GPS and no use of telephone, computer, or digital device without surveillance of USPO's monitoring software. These conditions are in daily use throughout this district and routinely provide many judges with reasonable assurances against a serious risk that a defendant might threaten, injure, or intimidate or attempt to do the same to a prospective witness.

Dated: May 25, 2017

/s/Mark D. Hosken
Mark D. Hosken
Supervisory Assistant Federal Public Defender
Federal Public Defender's Office
28 E. Main Street, Suite 400
Rochester, New York 14614
(585)263-6201
Mark_Hosken@fd.org
Attorney for William R. Rosica

To: Craig Gestring, AUSA